IN THE SUPREME COURT OF THE STATE OF NEVADA

STEPHEN GERALD MARTIN,
Appellant,
vs.
THE STATE OF NEVADA; AND THE
STATE OF NEVADA DEPARTMENT
OF PUBLIC SAFETY, A MUNICIPAL
CORPORATION AND SUBDIVISION
OF THE STATE OF NEVADA,
Respondents.

No. 71806

FILED

JAN 17 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition to terminate sex offender registration. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

In 2007, the Nevada Legislature amended Nevada's sex offender registration laws to bring the state into compliance with the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901-16961 (current version at 34 U.S.C. §§ 20901-20961 (2017). *See* 2007 Nev. Stat., Ch. 485 §§ 1-57, at 2744-80; A.B. 579, 74th Leg. (Nev. 2007). Both the federal and state versions of the Adam Walsh Act were designed to replace the existing sex offender registration laws, commonly referred to as Megan's Law. However, due to a series of federal and state lawsuits, Nevada's version of the Adam Walsh Act was never implemented and was technically only in effect from January 22, 2016, to July 1, 2016. *See Does 1-17 v. Eighth Judicial Dist. Court,* Docket No. 70704 (Order, July 1, 2016). During that window, on June 13, 2016, appellant Stephen Martin petitioned the district court to terminate his obligations to register as a sex offender.

18-02190

The district court denied Martin's petition, finding that this court's July 1, 2016, order staying implementation of Nevada's Adam Walsh Act "maintain[ed] the status quo," and that the district court must therefore apply Megan's Law to Martin's case. The district court further found that under Megan's Law, Martin could not petition to terminate his duty to register as a sex offender because he was convicted of two or more offenses against a person under 18. Martin appeals, arguing that (1) the district court erred in considering his petition under Megan's Law instead of the Adam Walsh Act, and (2) applying Megan's Law, the district court erred in finding that he was ineligible to terminate his duty to register because his convictions were for two related offenses. This court reviews the district court's conclusions of law de novo. *Cty. of Clark v. Sun State Props., Ltd.*, 119 Nev. 329, 334, 72 P.3d 954, 957 (2003).

Regardless of whether Nevada's Megan's Law or Adam Walsh Act are applicable to this case, Martin's petition fails.

Megan's Law provides that, under certain conditions, a sex offender may petition to terminate his or her duty to register as a sex offender after 15 years. NRS 179D.490(2) (2001). This does not apply, however, to persons "convicted of . . . *[t]wo or more sexual offenses* against persons less than 18 years of age." NRS 179D.490(5)(c)(2) (2001) (emphasis added). While Martin argues that he committed only one offense because his convictions for sexual intercourse with a minor and oral copulation with a minor involved the same victim and arose from the same course of conduct, California, where Martin was convicted, treats sexual intercourse with a minor and oral copulation with a minor as separate offenses. Cal. Penal Code §§ 261.5, 288a(b); *Johnson v. Dep't of Justice*, 341 P.3d 1075, 1088 (Cal. 2015); *People v. Mendoza*, 191 Cal. Rptr. 3d 905, 910-12 (Ct. App.

2015). Accordingly, Martin committed two sexual offenses against a minor, rendering him ineligible to petition to terminate his duty to register under Megan's Law.

Alternatively, under the Adam Walsh Act, Martin is classified as a Tier II offender. The Adam Walsh Act states, "the full period of registration is . . . [t]wenty-five years, if the offender or sex offender is a Tier II offender." NRS 179D.490(2) (2007). The Adam Walsh Act does not allow for a reduction in the 25-year registration period for Tier II offenders. *Id.* As such, Martin is required to register for 25 years. *Id.* At the time of his petition, Martin had registered for just under 15 years.

We therefore conclude Martin fails to meet the statutory requirements under the Adam Walsh Act.[1] Because Martin's petition fails under either version of the statute, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

---

[1]We have considered the parties' remaining arguments and conclude that they are without merit.

cc:    Chief Judge, Second Judicial District Court
Second Judicial District Court, Department 7
McLetchie Shell LLC
Attorney General/Carson City
Attorney General/Dep't of Public Safety/Carson City
Washoe District Court Clerk